MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Stephanie J. Lister
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 1 3 2016

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>DAN WAYNE STREETMAN,<br><br>    Defendant. | Case No. 2:16-CR-00078-RMP<br><br>Plea Agreement |

Plaintiff, United States of America, by and through MICHAEL C. ORMSBY, United States Attorney for the Eastern District of Washington, and Stephanie J. Lister, Assistant United States Attorney for the Eastern District of Washington, and Defendant, DAN WAYNE STREETMAN, and the Defendant's counsel, Matthew Campbell, agree to the following Plea Agreement:

1)   Guilty Plea and Maximum Statutory Penalties:

The Defendant, DAN WAYNE STREETMAN, agrees to plead guilty to Counts 1, 2 and 3 of the Indictment filed on May 3, 2016, charging the Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a).

PLEA AGREEMENT - 1

The Defendant, DAN WAYNE STREETMAN, understands that the charges contained in the Indictment are Class B Felonies. The Defendant, DAN WAYNE STREETMAN, also understands that the maximum statutory penalty as to each count for Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), is not less than 15 years nor more than 30 years' imprisonment; a fine not to exceed $250,000; a term of supervised release of up to life; restitution, a Special Penalty Assessment of $100 (each count); and registration as a sex offender. Defendant also understands that these penalties can be ordered to be served consecutively.

The Defendant, DAN WAYNE STREETMAN, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2)   The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

PLEA AGREEMENT - 2

3) <u>Waiver of Constitutional Rights</u>:

The Defendant, DAN WAYNE STREETMAN, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a.    The right to a jury trial;

    b.    The right to see, hear and question the witnesses;

    c.    The right to remain silent at trial;

    d.    The right to testify at trial; and

    e.    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.

4) <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), the United States would have to prove beyond a reasonable doubt the following elements:

    a.    First, on or about August 25, 2011 (Count 1),
on or about May 2, 2014 and continuing until on or about June 28, 2014 (Count 2), and
on or about November 17, 2013, and continuing until on or about June 5, 2015 (Count 3),
within the Eastern District of Washington, the Defendant, DAN WAYNE STREETMAN, employed, used, induced, enticed, or coerced a child under the age of 18 years to engage in sexually explicit conduct;

PLEA AGREEMENT - 3

    b.    Second, the Defendant did so for the purpose of producing child pornography, as defined by 18 U.S.C. § 2256; and

    c.    Third, Defendant knew or had reason to know, that the child pornography was produced using materials that were shipped or transported in interstate or foreign commerce by any means, including by computer, or was actually mailed or transported in interstate or foreign commerce.

5)    <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for DAN WAYNE STREETMAN 's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

Defendant, Dan Wayne Streetman, molested and took sexually explicit pictures in Spokane, WA of a relative of his in his care, Victim A, DOB 8/17/2003 (meta data on the child pornography images indicates they were produced on August 25, 2011, thus, Victim A was 9 years old at the time), a minor boy, Victim B, DOB 8/15/1999 (meta data on the child pornography images indicates they were produced on May 2, 2014 and continuing until June 28, 2014, thus, Victim B was 15 years old at the time) and another relative in his care, Victim C, DOB 8/24/2004 (meta data on the child pornography images indicates they were produced on November 17, 2013 and continuing until June, 5, 2015, thus, Victim C was 9 and 10 years old at the time).

PLEA AGREEMENT - 4

During an investigative interview conducted in Missouri relating to the sexual molestation of minors, Streetman admitted that Victim C was related to him and had come to live with him in Spokane, WA in 2013. Streetman confessed he took multiple "nude" photos of Victim C and that there would be some child pornography located on his computer.

Missouri law enforcement advised Spokane County Sheriff's Office of the events in Missouri and Spokane Detective Simmons obtained a Search Warrant for Streetman's residence in Spokane, WA. On August 26, 2011, the search warrant was executed and digital items were seized and searched resulting in the finding of child pornography images on the Defendant's Acer Aspire Computer and Tower, Model XC-603G-UW30, Serial Number DTSUVAA00140402C6C3000, and a determination that Defendant's Nokia Cell Phone had been used to produce some of the child pornography images.

A forensic examination of Streetman's Acer Aspire computer and Nokia cell phone revealed over 1,000 images, including videos, of child pornography. The images included children under twelve years of age. The forensic examiner would testify that the child pornography images that Streetman produced traveled in interstate and foreign commerce.

6)   The United States Agrees:

At the time of sentencing, the United States agrees to move to dismiss Count 4 of the Indictment, which charges the Defendant with Transportation of a Minor to Produce Child Pornography, in violation of 18 U.S.C. § 2423(a) and Count 5 of the Indictment, which charges the Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

PLEA AGREEMENT - 5

7) <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

<u>Count One-Production of Child Pornography Victim A</u>

 a. <u>Base Offense Level</u>:

The United States and the Defendant agree that the base offense level for Production of Child Pornography is 32. <u>See</u> U.S.S.G. §2G2.1(a).

 b. <u>Specific Offense Characteristics</u>:

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional four (4) levels because the offense involved a minor who had not attained the age of 12. <u>See</u> U.S.S.G. §2G2.1(b)(1)(A).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved the commission of a sexual act or sexual contact. <u>See</u> U.S.S.G. §2G2.1(b)(2)(A).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the Defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the Defendant.

<u>Count Two -Production of Child Pornography Victim B</u>

 a. <u>Base Offense Level</u>:

The United States and the Defendant agree that the base offense level for Production of Child Pornography is 32. <u>See</u> U.S.S.G. §2G2.1(a).

PLEA AGREEMENT - 6

b.  **Specific Offense Characteristics:**

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved a minor who had attained the age of 12 but not attained the age of sixteen years. See U.S.S.G. §2G2.1(b)(1)(B).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved the commission of a sexual act or sexual contact. See U.S.S.G. §2G2.1(b)(2)(A).

**Count Three-Production of Child Pornography Victim C**

a.  **Base Offense Level:**

The United States and the Defendant agree that the base offense level for Production of Child Pornography is 32. See U.S.S.G. §2G2.1(a).

b.  **Specific Offense Characteristics:**

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional four (4) levels because the offense involved a minor who had not attained the age of 12. See U.S.S.G. §2G2.1(b)(1)(A).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved the commission of a sexual act or sexual contact. See U.S.S.G. §2G2.1(b)(2)(A).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the Defendant was a parent, relative, or legal guardian of the minor involved in the offense,

PLEA AGREEMENT - 7

or if the minor was otherwise in the custody, care, or supervisory control of the Defendant.

   c.  Multiple Count Analysis:

Pursuant to U.S.S.G. §3D1.1(a)(1) each Count of Production if Counted as a separate Count, thus, there are three (3) Groups. Group 1/Count 1 has an offense level of 40, Group 2/Count 2 has an offense level of 36, Group 3 has an offense level of 40. Thus, the highest offense level is 40. See U.S.S.G. §3D1.1(a)(2) and §3D1.3. The three (3) Groups/Counts are given a total of three (3) units which results in an additional increase of three (3) levels to the highest offense level of 40, resulting in an offense level of 43. See U.S.S.G. §3D1.1(a)(3).

   d.  Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and signs and provides this agreement for filing with the court no later than December 13, 2016, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal

PLEA AGREEMENT - 8

offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $300 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

Therefore, the United States and the Defendant agree that the Defendant's final adjusted offense level would be 40.

    e.    Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

    8)    Length of Imprisonment:

The United States and the Defendant agree to recommend that the Court impose a sentence within the applicable statutory ~~sentencing guideline~~ range. [handwritten edits, initialed "DvS"]

    9)    Criminal Fine:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

PLEA AGREEMENT - 9

10) <u>Supervised Release</u>:

The United States and the Defendant are free to make whatever recommendation concerning the term of supervised release that they believe is appropriate.

11) <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $300 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

12) <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

13) <u>Forfeiture</u>:

The Defendant, DAN WAYNE STREETMAN, agrees to voluntarily forfeit and relinquish all right, title and interest in all assets identified in the Notice of Criminal Forfeiture Allegations contained in the Indictment, to the United States, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of such assets, including, but not limited to the following:

1) one (1) Acer Aspire Computer and Tower, Model XC-603G-UW30, Serial Number DTSUVAA00140402C6C3000, and

2) one (1) Nokia Cell Phone.

PLEA AGREEMENT - 10

The Defendant stipulates that he is the sole owner of the asset identified in the Indictment and that no one else has an interest in the asset. The Defendant acknowledges that the asset listed above that the Defendant is agreeing to forfeit is subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and (b), as property used or intended to be used in any manner or part to commit or to facilitate the commission of the Distribution of Child Pornography charge alleged in the Indictment to which Defendant is pleading guilty. The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

The Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

14) <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

PLEA AGREEMENT - 11

15) <u>Waiver of Appeal Rights and Collateral Attack</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his/her right to appeal his/her conviction and the sentence the Court imposes, unless the Court imposes a consecutive sentence, including any restitution order, provided that such restitution order does not exceed $20,000. Defendant further expressly waives his/her right to file any post-conviction motion attacking his/her conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

16) <u>Notice of Sex Offender Registration</u>:

The Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment; and, if the Defendant is a student, the location of the Defendant's school. Registration will require that the Defendant provide information that includes name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or a student. The Defendant understands that he/she must update his/her registrations not later than three business days after any change of name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects the Defendant to

PLEA AGREEMENT - 12

prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

17) <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

MICHAEL C. ORMSBY
United States Attorney

_/s/ Stephanie J. Lister_     12/13/16
Stephanie J. Lister            Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or

PLEA AGREEMENT - 13

inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____    12-13-16
DAN WAYNE STREETMAN                  Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____    12-13-16
Matthew Campbell                      Date
Attorney for the Defendant

PLEA AGREEMENT - 14