MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Stephanie J. Lister
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>                    vs.<br><br>DAN WAYNE STREETMAN,<br><br>                                  Defendant. | Case No. 2:16-CR-00078-RMP<br><br>United States' Sentencing Memorandum, Including Witness and Exhibit List |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney, for the Eastern District of Washington, and Stephanie J. Lister, Assistant United States Attorney for the Eastern District of Washington, submits the following Sentencing Memorandum, which includes a list of witnesses and summary of exhibits.  (ECF 63).

I.    **INTRODUCTION**

Defendant, Dan Wayne Streetman, has plead guilty to Counts 1, 2 and 3 of the Indictment, filed on May 3, 2016, charging him with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a).  (ECF 55).  He is scheduled to be sentenced on March 23, 2017, in Spokane, WA.  (ECF 63).  The U.S. Probation Office has filed a Draft Presentence Investigative Report (PSR).  (ECF 59).  The United States has filed a Notice of Review of the PSR (ECF 62). The United States

has recently filed a Motion to Continue sentencing briefly due to the unavailability of a witness for sentencing.

II.    **WITNESSES AT SENTENCING**

The United States intends to call two witnesses at sentencing; FBI Special Agent McEuen and the mother of Victim C. The United States anticipates their testimony will take approximately two hours.

1. Special Agent McEuen will provide a brief factual summary of the investigation of this case, including statements made by victims, their families and the Defendant. SA McEuen will also testify as to his review of both the video and photographic child pornography images Defendant both produced and collected. Agent McEuen has prepared several exhibits based on the meta data from the child pornography images Defendant produced that indicate the dates of sexual exploitation and victimization of minors by the Defendant. While the Defendant produced hundreds of child pornography images of victims A, B, and C, in total he possessed over 1,000 child pornography images. Agent McEuen will testify based upon his review of the videos and images Defendant produced of Victims A, B, and C, the types of sexual acts Defendant engaged in with the minor victims included oral copulation, masturbation and anal sex. He will also provide information as to how long Defendant has been collecting child pornography images and what "types" of images Defendant maintained in his child pornography collection. He will also provide testimony regarding the "grooming" Defendant engaged in to gain the trust of his minor victims, so that he could later sexually molest them and/or take pornographic images of them.

2. The Mother of Victim C will testify as to the impact Defendant's crimes have had on her son, Victim C. She will testify Victim C has trust issues, is anti-social and doesn't like to be around children. She will describe how his demeanor has changed since he was molested by the Defendant, the therapy he has undergone and the medications he now has to take. She will testify her

other son was also molested by the Defendant and her other son is the person who told on the Defendant.  According to the mother of Victim C, Victim C didn't tell because he was afraid for his safety.  Victim C's brother has been through one year of counseling, has anger issues and feels guilty about what happened to his brother, Victim C.

III.    **EXHIBITS AT SENTENCING**

The United States has an exhibit book containing eleven (11) pages of exhibits, including the cover page.  This exhibit book contains photographs of Minors A, B and C and also contains five (5) images of child pornography.  It also includes information as to the ages of Victims A, B and C at the time of their abuse and the dates Defendant victimized the victims and child pornography images were produced of them. The United States does not intend to introduce at sentencing the videos or hundreds of child pornography images Defendant produced, or the 1,000 plus child pornography images Defendant collected.  Rather, the United States has selected a minimal amount of images to provide this Court sufficient information for consideration of the nature and circumstances of Defendant's crimes.

The United States has advised defense counsel this exhibit book is available for review and anticipates defense counsel will review these exhibits on Monday, February 27, 2017.  After review by defense counsel, the United States anticipates requesting instruction from the Court as to how this Court wants the exhibits to be provided to the Court.  The United States cannot file with the Court these exhibits as they contain contraband, but certainly can provide this exhibit book to this Court before sentencing, per any instructions this Court may have on this issue.

IV.    **SENTENCING CALCULATIONS**

Defendant has 0 criminal history points, establishing a criminal history category of I.  (PSR ¶ 68).  Based upon Defendant's total adjusted offense level of 43 and a criminal history category of I, Defendant's sentencing guideline range is life, however, the statutorily authorized maximum sentences are less than the maximum of

the applicable guideline range; therefore, the guideline range is 1080 months (90 years).  (PSR ¶ 95).  The statutory period of imprisonment for Production of Child Pornography must be not less than 15 years or more than 30 years' imprisonment per count.  (PSR ¶ 94).

As to supervised release, the statutory period of supervised release is 5 years to life per count and the guideline requirement for a term of supervised release is 5 years to life per count.   (PSR ¶ 96-97).

V.    **SENTENCING FACTORS PURSUANT TO 18 U.S.C. § 3553**

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

A. **The Nature and Circumstances of the Offense**

The circumstances of the offense involve Defendant's production of pornographic images and videos of children and his collection of child pornography. Two of the counts of Production of Child Pornography (Counts Two and Three) involve sexual contact with and sex acts upon young children, Victims B and C, and photographic documentation of those abuses. Additionally, Defendant was in a position of trust reference to at least two of the victims in this case.

Defendant Streetman has a history of pedophilia dating back more than 20 years.  (PSR ¶ 20). He molested his sister for eight years, his brother for seven years, and friends of his brother on various occasions during childhood.  (PSR ¶ 20).  He attended treatment for his pedophilia, and he stated that he had gone nearly 20 years without molesting a child.  (PSR ¶ 20).  However, when he suddenly had the trust of parents and access to children he took the opportunity to prey on vulnerable boys in his care.

During the winter of 2010, Defendant had access to his great nephew Victim A (DOB 8/17/2003, age 8)[1]. (PSR ¶ 16). Defendant was permitted to babysit Victim A, and when his mother arrived to pick him up she was unable to find him. (PSR ¶ 16). She knocked on Defendant's locked bedroom door, and he answered the door shirtless, as Victim A was observed to be in the room. (PSR ¶ 16). They both indicated they were just watching a movie, never explaining why the door needed to be locked. (PSR ¶ 16).

In the spring of 2011, the Defendant tried to give Victim A a shower, but Victim A's grandmother stopped the Defendant, explaining to him that it was inappropriate to bathe a boy who was old enough to do this activity by himself. (PSR ¶ 17). Later in 2011, Defendant manipulated his mother into bringing Victim A into the Defendant's store so the Defendant could spend time with him against Victim A's mother's wishes. (PSR ¶ 19). The metadata from Defendant's devices confirmed the victimization of Victim A and the production of child pornography involving Victim A on August 25, 2011 from 5:34 AM to 9:40 PM, a period of 16 hours.

Defendant has three nephews including Victim C (DOB 8/24/2004, age 9 through 10) and two other boys, age 10 and age 8. (PSR ¶ 8). He regularly babysat the boys, and he was entrusted with their well-being. In late 2013, Victim C developed some behavioral issues, and Defendant offered up his residence as a stable environment for the child. (PSR ¶ 8). Defendant shared a bedroom with Victim C. (PSR ¶ 8). While Victim C was living with Defendant, Defendant engaged him in sexual acts. (PSR ¶ 9). Defendant admitted that he sexually molested Victim C, to include touching, fingering his anus, and performing and receiving oral sex on and from him. (PSR ¶ 14). The sexual encounters between Defendant and Victim C

---

[1] The ages of the victims are annotated to indicate the age of each victim at the time the offense(s) occurred. The dates of birth are indicated in the same parenthetical to assist the Court in determining the children's current ages.

occurred hundreds of times, and Defendant took photographs of these sexual acts and stored them on his computer for his own sexual gratification. (PSR ¶ 9). The metadata from Defendant's devices confirms 35 separate incidences in which Defendant victimized Victim C and produced sexually explicit images of Victim C.

Victim C would at times have friends come and visit him while living with Defendant, including Victim B (DOB 8/15/1999, age 14), an autistic boy with the mental functioning of an 8-year-old. (PSR ¶ 10). Defendant orally copulated Victim B, took photographs, and stored the images on his computer for his own sexual gratification. (PSR ¶ 10). The metadata from Defendant's devices confirmed that the victimization of Victim B and the production of child pornography involving Victim B occurred on June, 28, 2014 and September, 27, 2014. At sentencing the United States will provide samples of the sexually explicit images of the victims produced by the Defendant in this case.

It is important to note that Defendant's acts were not confined to the Eastern District of Washington. Defendant and Victim C travelled to Missouri to visit family, and though they did not stay in the same house during the visit, Defendant was entrusted with the care of Victim C and his two other nephews as their babysitter for six days. (PSR ¶ 11). He also took the children on a camping trip. (PSR ¶ 11). While babysitting the boys and during the camping trip, Defendant molested Victim C and attempted to molest his 10-year-old nephew. (PSR ¶ 11). He captured multiple sexually explicit images of the all three children. (PSR ¶ 11).

Other monsters may be make believe, but the Defendant is a real life bogeyman. He preyed on his own family by manipulating the boys' parents into believing he could be trusted to babysit his nephews and other boys in the neighborhood. He groomed the boys into trusting him and encouraged them to run around the house or campground naked while he photographed and molested them. (PSR ¶ 11, 12). The trauma associated with his actions cannot be overstated. The damage caused by Defendant to the victims, by his sexual exploitation of them and breach of their trust,

1  is immeasurable. Unfortunately, the victims yet to provide any victim impact
2  statements. (PSR ¶ 26). However, the mother of Victim C has recently agreed to
3  testify at sentencing.

4      The victims in this case deserve to be treated as the unique individuals they are.
5  Thus, the United States contends Defendant, Streetman, should receive not only
6  separate sentences for each count of Production of Child Pornography, for each of the
7  three individual children (Victims A, B and C), but also that these sentences reflect
8  what he did to each minor and that they should be ordered to be imposed
9  consecutively. Thus, given the nature of the sexual abuse to Victim C and the at least
10  35 instances of abuse, the United States will be recommending the maximum sentence
11  of imprisonment of 30 years. As to Victim B, given the nature of the sexual abuse and
12  the at two (2) instances of abuse in addition to the production of images, the United
13  States will be recommending a sentence of 20 years. As to Victim A, while the
14  United States has evidence that Defendant produced child pornography of Victim A,
15  we do not have evidence that Defendant had "hands on contact" with Victim A, the
16  United States will be recommending a minimum sentence of 15 years. The United
17  States will be respectfully requesting that the sentences be served consecutively, for a
18  total term of imprisonment of 65 years, with a life term of supervised release.

19      Individuals, like Defendant Streetman, who engage in the sexual exploitation of
20  one child deserve to serve a significant sentence of imprisonment prison, and
21  individuals, like Defendant, who engage in the sexual exploitation and production of
22  child pornography images of multiple children over the span of several years and
23  possess over 1,000 images of child pornography deserve substantial sentences of
24  imprisonment, including consecutive statutory maximum sentences.

25  **A. History and Characteristics of the Defendant**

26      Defendant reported he had worked as a truck driver from 2001 to 2006. After 1
27  year of unemployment, he was hired as a school bus driver with Durham School
28  Services in Spokane, Washington. (PSR ¶ 88). Defendant was employed in this

1
2
3
4
5

position from August 22, 2008, to September 1, 2015.  (PSR ¶ 88).  In addition, he regularly babysat his nephews and had access to their friends.  (PSR ¶ 10, 11, 12, 16). Defendant had repeated and consistent access to children.  When the opportunity presented itself, he deliberately chose to sexually assault young boys and then photograph that abuse.

6
7
8
9
10

While Streetman has no criminal history, he has been collecting child pornography, including images of newborn baby boys and toddlers, and sexually exploiting young boys for at least four years. He has been collecting hundreds of images from at least August of 2011 to September of 2015; therefore, he is certainly not a first-time offender.  (PSR ¶ 64).

11

### B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide a Just Sentence

12
13
14
15
16

The gravity of Defendant's crimes against children, particularly given the number and age of the victims, the number of years Defendant engaged in his sexual exploitation of the victims, the fact he was related to two of the boys that he exploited, and the abuse of trust that permitted Defendant access to the children, cannot be overstated.

17
18
19
20
21
22
23
24
25

What is important in sentencing is the seriousness of Streetman's particular crimes, which as stated above, are extremely horrific.  He should be punished for the offenses that he committed and the attendant relevant conduct associated with them. His conduct included, molesting and exploiting three young boys while those boys' parents believed they were safe with an adult they trusted.  He also produced and collected hundreds of the images and videos of his sexual molestation of these children.  In addition, he collected over a thousand images of child pornography and videos.  Defendant's offenses are of a most serious nature, and a substantial sentence will provide just punishment and promote respect for the law.

26
27
28

**C. The Need for the Sentence Imposed to Afford Adequate Deterrence**

Because of Streetman's horrific conduct, a strong message needs to be sent to the community that if a person sexually assaults and produces images of that sexual assault of numerous minors, you will be sentenced to a substantial terms of imprisonment. A harsh sentence is reasonable taking into consideration his conduct and the risk he poses to children.

**D. The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant**

The Defendant's actions reflect both his sexual interest in young children and his willingness to victimize such children to quench his own desires. Based upon his conduct, if the Defendant is ever released from prison it is highly likely that he will molest another young boy. As has been detailed, Defendant's crimes are terribly serious and as the mother of Victim C will testify, have had a significant and lasting impact on his many victims.

Given Defendant's conduct and risk to reoffend the United States believes only by imposition of a substantial sentence can the Court adequately protect the public from the monstrous conduct of Defendant Streetman. It is clear that this Defendant must be removed from society for as long as possible to protect the most vulnerable members of our society, our children.

VI.    **GOVERNMENT'S SENTENCING RECOMMENDATION**

Defendant agreed to plead guilty to Counts 1,2, and 3 of the Indictment field on May 3, 2016, charging Defendant with Productions of Child Pornography, in violation of 18 U.S.C. § 2251(a). The maximum statutory penalty as to each count for Production of Child Pornography, in violation 18 U.S.C. § 2251(a), is not less than 15 years nor more than 30 years' imprisonment; a fine not to exceed $250,000; a term of supervised release of up to life; restitution; a Special Assessment of $100 (each count); and registration as a sex offender. (ECF 58).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The victims in this case deserve to be treated as the unique individuals they are. Thus, the United States contends Defendant, Streetman, should receive not only separate sentences for each count of Production of Child Pornography, for each of the three individual children (Victims A, B and C), but also that these sentences reflect what he did to each minor and that they should be ordered to be imposed consecutively. Thus, given the nature of the sexual abuse to Victim C and the at 35 instances of abuse, the United States will be recommending the maximum sentence of 30 years. As to Victim B, given the nature of the sexual abuse and the at two (2) instances of abuse in addition to the production of images, the United States will be recommending a sentence of 20 years. As to Victim A, while the United States has evidence that Defendant produced child pornography of Victim A, we do not have evidence that Defendant had "hands on contact" with Victim A, the United States will be recommending a minimum sentence of 15 years. The United States will be respectfully requesting that the sentences be served consecutively, for a total term of imprisonment of 65 years, with a life term of supervised release.

Individuals, like Defendant Streetman, who engage in the sexual exploitation of one child deserve to serve a significant sentence of imprisonment prison, and individuals, like Defendant, who engage in the sexual exploitation and production of child pornography images of multiple children over the span of several years and possess over 1,000 images of child pornography deserve substantial sentences of imprisonment, including consecutive statutory maximum sentences.

Consecutive statutory terms of imprisonment for possession and production of child pornography have been affirmed by the Ninth Circuit. In *United States v. Thurman,* the defendant received a 120-year consecutive sentence for four counts of production of material involving the sexual exploitation of minors and of aiding and abetting such production, in violation of 18 U.S.C.S. § 2251(d)(1)-(2). *United States v. Thurman*, 494 F. App'x 828 (9th Cir. 2012); *See also United States v. Shouse*, 755

F.3d 1104 (9th Cir. 2014) (The Ninth Circuit affirmed the district court's decision to run a federal sentence consecutively to the defendant's undischarged state sentence).

Other circuits have also affirmed such consecutive terms of imprisonment. The Second Circuit affirmed a district court's decision to impose upon a defendant three consecutive sentences for three counts of production of child pornography and two concurrent sentences for two counts of possession of child pornography for a total sentence of 60 years. *United States v. Brown*, 843 F.3d 74 (2d Cir. 2016).  The Fourth Circuit affirmed a 120-year consecutive term of imprisonment for the production, possession, and transportation of child pornography in violation of 2251(a), and the court found that the term of imprisonment was proportionate and constitutional under the Eighth Amendment.  *United States v. Cobler*, 748 F.3d 570 (4th Cir. 2014).

Additionally, the Government recommends this court order Defendant to serve a life term of supervised release.  Defendant committed his offenses on particularly vulnerable children, as they were often alone without another adult available.  Given Defendant's demonstrated willingness to prey on victims in vulnerable states, the United States contends he should be under the supervision of a United States Probation Officer for the rest of his life.

VII.    **CONCLUSION**

Defendant is a monster that needs to be imprisoned for the rest of his life. Defendant repeatedly victimized three vulnerable children for prolonged periods of time.  Not only did Defendant produce sexually explicit images of the boys, he engaged in "hands on" molestation and through the abuse of a position of trust as a relative.  Based on the horrific facts in this case, sentences for Defendant's three counts of Production of Child Pornography should be served consecutively, for a total term of imprisonment of 65 years, followed by life term of supervised release.  Such

as sentence is warranted under the guidelines, and the factors set forth in 18 U.S.C. § 3553.

Dated:  February 23, 2017.

MICHAEL C. ORSMBY
United States Attorney

*s/ Stephanie J. Lister*
Stephanie J. Lister
Assistant United States Attorney


I hereby certify that on February 23, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Matthew Campbell
Federal Defenders
10 North Post, Suite 700
Spokane, WA  99201

s/ Stephanie J. Lister
Stephanie J. Lister