Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Ian L. Garriques
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAN WAYNE STREETMAN,<br><br>Defendant. | Case No.: 2:16-cr-00078-RMP -1<br><br>United States' Opposition to Defendant's Motion for Appointment of Counsel |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Ian L. Garriques, Assistant United States Attorney for the Eastern District of Washington, submits the following opposition to Defendant Dan Streetman's Motion for Appointment of Counsel.

## I. Background

On September 8, 2023, Defendant filed a pro se motion under 28 U.S.C. § 2255, requesting the court vacate or reduce his sentence on numerous grounds. ECF No. 106. On October 13, this Court ordered the government to file a responsive memorandum. ECF No. 107. On October 26, the United States moved

to dismiss Defendant's § 2255 motion as untimely filed. ECF No. 109. After the Court ordered the United States to respond and before the United States filed its motion, Defendant mailed a motion requesting the court appoint him counsel; that motion was received by the court and filed October 31. ECF No. 110.

## II. Argument

The Court should not appoint counsel for Defendant. There is no Sixth Amendment right to assistance of counsel in a collateral challenge to a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . and we decline to so hold today."). Outside limited circumstances where appointment of counsel is mandatory, the court need only appoint counsel in proceedings under 28 U.S.C. § 2255 when the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). Contrary to Defendant's assertion, appointment of counsel is not mandatory, and justice does not require he be assisted by counsel where he has already proved capable of submitting his claims to the court and they uniformly lack merit.

### A. There is no mandate that the Court appoint counsel at this stage of proceedings.

Defendant first asserts that counsel must be appointed because the court has set a hearing. ECF No. 110 at 1, 3. While the Court must appoint counsel if it finds an *evidentiary* hearing is necessary to resolve a § 2255 motion, *see* R. Gov'g

§ 2255 Proc. 8(c), there is no such evidentiary hearing set in this case. The motion hearing set for December 4 does not entitle Defendant to appointment of counsel.

Defendant next asserts counsel must be appointed under 18 U.S.C. § 3006A(a)(1)(F), which requires appointment of counsel for indigent persons "subject to a mental condition hearing under chapter 313 of this title [18 U.S.C. §§ 4241-48]." That chapter provides for a hearing to determine the mental competency of a defendant "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence." § 4241(a). Defendant has been sentenced and has not yet commenced probation or supervised release; accordingly, he is not eligible for a hearing under chapter 313 of title 18 and counsel cannot be appointed on those grounds.

Defendant finally asserts that counsel must be appointed because failure to do so would deny him due process. The Fifth Amendment requires that counsel be appointed in § 2255 proceedings "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). Defendant appears to argue that he has "some form of mental and emotional impairment" that impedes his ability to present his claims to the court. ECF No. 110 at 3. He does not identify this impairment or explain how it affects him. As discussed further below, this case is

United States' Opposition to Defendant's Motion for Appointment of Counsel - 3

not complex and Defendant has adequately presented his claims. Denial of counsel does not amount to denial of due process.

### B. The interests of justice do not require that the Court appoint counsel for Defendant.

Defendant further asserts counsel should be appointed under 18 U.S.C. § 3006A(a)(2)(B), which provides for appointment of counsel in § 2255 proceedings when "the court determines that the interests of justice so require[.]" In making this determination, "the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). Neither factor weighs toward appointing counsel for Defendant.

First, Defendant's motion is unlikely to succeed on the merits. As detailed in the United States' motion to dismiss, it is extremely untimely, being filed four years past the expiration of the statute of limitations. Additionally, most of Defendant's claims were waived in his plea agreement, *see* ECF No. 58 at 12, and are procedurally defaulted because he did not raise them on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (requiring a defendant to show either cause and actual prejudice or actual innocence to raise claim for the first time on collateral review).

To the extent Defendant challenges the validity of the plea agreement itself, Defendant's claims appear to hinge on his asserted mental and emotional impairment. Defendant fails to explain this impairment, and the evidence in the record does not identify any impairments with respect to Defendant's intellect or competence. His Presentence Investigation Report indicates he successfully graduated from high school, served honorably in the military, and obtained his commercial driver's license from a technical college. ECF No. 75 at 14-15. While Defendant was treated for anxiety and depression while in pretrial custody, all questions regarding his competency were affirmatively addressed and resolved before he pleaded guilty, after consultation with a mental health professional. *See* ECF Nos. 53 at 1, 75 at 14. This Court found he entered his guilty plea voluntarily, knowingly, and intelligently. *See* ECF No. 55. There is no merit to Defendant's claims his mental and emotional impairment invalidated his guilty plea.

Second, the claims Defendant advances rely on his personal knowledge and do not demand counsel's assistance to effectively present. No discovery is necessary for Defendant to explain to the court the extent and impact of his mental and emotional impairment; indeed, he is in the best position to present that evidence. Nor does such an argument rely on complex legal rules. As his initial § 2255 motion demonstrates, Defendant is able to articulate his legal and factual positions. Appointment of counsel is not necessary under these circumstances. *See, e.g.*, *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (affirming denial

of appointment of counsel in § 2255 proceeding because the appellant "thoroughly presented his issues" in his district court filings); *United States v. Sodhi*, No. 1:11-CR-00332-LJO-1, 2020 WL 509163 at *2 (E.D. Cal. Jan. 31, 2020) (denying appointment of counsel where the petition "presented his case clearly and effectively" himself); *United States v. Mercado*, No. CR-07-2018-FVS-1, 2011 WL 573377 at *5 (E.D. Wash. Feb. 14, 2011) (denying appointment of counsel where defendant "demonstrated the ability to set forth those grounds he thinks justify relief").

### III. Conclusion

Because Defendant does not have a right to counsel at this stage and justice does not require he be assisted by counsel in bringing his claims, Defendant's motion should be denied.

Dated: November 3, 2023.

Vanessa R. Waldref<br>
United States Attorney<br><br>
<u>s/ Ian L. Garriques</u><br>
Ian L. Garriques<br>
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    Dan Wayne Streetman, 20001-085
    USP TUCSON
    U.S. PENITENTIARY
    P.O. BOX 24550
    TUCSON, AZ  85734

           *s/ Ian L. Garriques*
           Ian L. Garriques
           Assistant United States Attorney