FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>DAN WAYNE STREETMAN,<br><br>      Defendant. | NO: 2:16-CR-78-RMP-1<br><br>ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION UNDER § 2255 |
|---|---|

BEFORE THE COURT, without oral argument, is Defendant Dan Wayne Streetman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 106. The Government did not file a response; instead, it filed a Motion to Dismiss Defendant's Untimely Motion to Vacate Under 28 U.S.C. § 2255. ECF No. 109. After the Government filed its motion, Defendant filed a Memorandum in Support of 2255, ECF No. 115, and a Memorandum in Support of Evidentiary Hearing, ECF No. 116. The Government replied, ECF No. 117. The Court has reviewed the motion, the record, the relevant law, and is fully informed.

ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND
DENYING DEFENDANT'S MOTION UNDER § 2255 ~ 1

**BACKGROUND**

On May 3, 2016, a grand jury charged Defendant by indictment with Counts One-Three: Production of Child Pornography in violation of 18 U.S.C. § 2251(a); Count Four: Transportation with Intent to Produce Child Pornography in violation of 18 U.S.C. § 2423(a); and Count Five: Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). ECF No. 1. On December 13, 2016, Defendant, who was then represented by Assistant Federal Defender Matthew Campbell, entered a plea of guilty to all three counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). ECF No. 58. On May 5, 2017, the Court imposed a sentence of sixty years of imprisonment, to be followed by a life term of supervised release. ECF No. 91. Counts Four and Five were dismissed at sentencing. *Id*.

Defendant appealed his sentence, and the Ninth Circuit affirmed. ECF Nos. 102, 103. A petition for certiorari in the Supreme Court was filed on August 30, 2018, and on October 11, 2018, the Supreme Court entered an order denying Defendant's petition for certiorari. ECF Nos. 104 and 105.

On September 8, 2023, Defendant filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, raising 42[1] grounds for relief. ECF No. 106. The Court ordered the Government to respond, ECF No. 107, and in response, the Government filed a Motion to Dismiss, ECF No. 109. The Government

---

[1] Defendant lists 43 grounds but skips number 13. ECF No. 106-2.

ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION UNDER § 2255 ~ 2

contends that Defendant's § 2255 Motion is untimely, as it is beyond the one-year statute of limitations for § 2255 claims. *Id*.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The claimed error must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)). Moreover, a § 2255 motion must allege specific facts which, if true, would entitle a defendant to relief. *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003).

Under § 2255, a district court must grant a hearing to determine the validity of a petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). To necessitate a hearing, the movant must state a claim upon which relief could be granted. *Id*. (citing *Moore v. United States*, 571 F.2d 179, 184 (3rd Cir. 1978)). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194. A district court is required to dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and

the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Motions made under § 2255 are subject to a one-year period of limitation. 28 U.S.C. § 2255. The one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An untimely § 2255 movant may be entitled to equitable tolling of the one-year statute of limitations. *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (declaring that the statute of limitations in § 2255 is subject to equitable tolling); *see also United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011). "To be entitled to equitable tolling, a habeas petitioner bears the burden of showing '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *United States v. Gilbert*, 807 F.3d 1197, 1202 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make

ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION UNDER § 2255 ~ 4

it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness." *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (emphasis in the original) (citation and quotation marks omitted). "Extraordinary circumstances exist when . . . wrongful conduct prevents a prisoner from filing." *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003).

Equitable tolling is "unavailable in most cases." *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

Actual innocence can also excuse untimely filing of motions pursuant to 28 U.S.C. § 2255. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). The actual innocence gateway requires the petitioner to show that, in light of new evidence, no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). In the context of a defendant who has pleaded guilty, the defendant must "establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" *Bousley*, 523 U.S. at 623 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

/ / /

/ / /

ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION UNDER § 2255 ~ 5

## DISCUSSION

Defendant's judgment became final in 2018 when the Supreme Court denied his petition for certiorari, ECF No. 105, and he did not file his § 2255 until 2023, ECF No. 106, approximately five years after his judgment became final. Therefore, his § 2255 motion is not timely. *See* 28 U.S.C. § 2255(f). In his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Defendant acknowledges that his motion is untimely, but he contends that his motion should not be time-barred. ECF No. 106 at 11. Defendant further requests an evidentiary hearing to address his claims. ECF No. 116. In response, the Government argues that none of the grounds raised by Defendant excuse his untimeliness. *See* ECF No. 109 at 4. The Government does not address Defendant's request for an evidentiary hearing.

The Court will consider whether any of the four grounds raised by Defendant are sufficient to excuse the untimely filing.

**Jurisdiction**

First, Defendant claims that jurisdictional issues can be raised at any time. ECF No. 106 at 11. The Government responds that, while issues relating to subject matter jurisdiction may be raised at any time, Defendant does not challenge subject matter jurisdiction. ECF No. 109 at 4. Rather, the Government notes that Defendant challenges the Court's "geographical jurisdiction" without providing any basis or explanation of the challenge. *Id*.

Case 2:16-cr-00078-RMP    ECF No. 118    filed 02/22/24    PageID.647    Page 7 of 14

The Court agrees with the Government that, while subject matter jurisdiction issues can be raised at any time, Defendant does not and cannot successfully challenge subject matter jurisdiction. Defendant was convicted of violations of 18 U.S.C. § 2251(a), which is a federal statute that provides a federal district court with subject matter jurisdiction. *See* 18 U.S.C. § 3231 ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

If Defendant instead intends to challenge the Court's "geographical jurisdiction," which this Court interprets to be a challenge to the venue of his proceedings, this does not excuse untimely filing of a § 2255 motion. Additionally, any venue challenge was waived in Defendant's plea agreement. ECF No. 58 at 12 ("Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his/her right to appeal his/her conviction and the sentence the Court imposes, unless the Court imposes a consecutive sentence, including any restitution order, provided that such restitution order does not exceed $20,000. Defendant further expressly waives his/her right to file any post-conviction motion attacking his/her conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence."); *see also Rodd v. United*

ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION UNDER § 2255 ~ 7

1  *States*, 165 F.2d 54, 56 (9th Cir. 1947) (venue challenges are waived by going to trial
2  without raising any question of venue).

3        In the merits section of Defendant's motion, he argues that Congress did not
4  have jurisdiction to enact 18 U.S.C. § 2251(a). ECF No. 106-1 at 5. To the extent
5  that Defendant relies on this jurisdictional challenge to excuse the untimely filing,
6  this is also unsuccessful. This challenge is based on the constitutionality of 18 U.S.C.
7  § 2251(a), which does not excuse untimely filing, and which was also waived by
8  Defendant's plea agreement. *See* ECF No. 58 at 12. Therefore, regardless of the
9  "jurisdictional issue" that Defendant intends to rely on, this ground does not excuse
10  Defendant's untimely filing.

11  **Mental Disease or Defect**

12        Second, Defendant argues that he suffers from a severe mental disease or
13  defect under 18 U.S.C. § 17 that prevented him from raising his § 2255 claims
14  earlier. ECF No. 106 at 11. The Government contends that 18 U.S.C. § 17 provides
15  an affirmative insanity defense but does not provide an excuse for the untimely filing
16  of a § 2255 motion. ECF No. 109 at 5. Furthermore, the Government argues that,
17  even if such a condition could excuse an untimely filing, Defendant has not proven
18  such condition by clear and convincing evidence. *Id*.

19        The Court agrees with the Government that 18 U.S.C. § 17 does not provide an
20  excuse for untimely filing, as it is an affirmative defense that can be raised in the face
21  of prosecution, but not to excuse untimely postconviction motions. *See* 18 U.S.C. §

ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND
DENYING DEFENDANT'S MOTION UNDER § 2255 ~ 8

17. However, the Court will consider whether this claim provides grounds for equitable tolling. To be entitled to equitable tolling due to a mental impairment, the petitioner must satisfy a two-part test:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, *see Holland*, 130 S.Ct. at 2562, by demonstrating the impairment was so severe that either
>   (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>   (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectual its filing.
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills*, 628 F.3d at 1099–1100 (footnote omitted).

Defendant has not shown that his mental impairment was an "extraordinary circumstance" such that he was unable to understand the need to timely file, or that he was unable to prepare and file a habeas petition. He merely refers to "severe mental disease or defect" and "mild mental retardation," but he does not provide proof of the existence of a mental impairment, nor does he demonstrate how the purported impairment rendered him unable to file a timely petition. ECF Nos. 106 at 11 and 106-1 at 2. Therefore, the Court finds that mental disease or defect does not excuse Defendant's untimely filing.

/ / /

/ / /

ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION UNDER § 2255 ~ 9

**Writ of Certiorari**

Third, Defendant contends that his defense counsel, the Government, and the Court impeded his ability to file his § 2255 motion by not informing him of the filing and dismissal of his writ of certiorari to the Supreme Court of the United States. ECF No. 106 at 11. The Government interprets Defendant's claim to be raising an equitable tolling argument. ECF No. 109 at 5. The Government argues that Defendant has not shown that he has been pursuing his rights diligently, and he has not shown that some extraordinary circumstance stood in his way to prevent timely filing, as required to obtain equitable tolling. *Id*. at 5–6. The Government argues that Defendant's inaction in not inquiring about the status of his case or filing a § 2255 motion in the five years since the Supreme Court dismissed his petition shows that Defendant was not diligently pursuing his rights. *Id*. at 6. While the Government concedes that defense counsel may have been negligent in not informing Defendant of the petition, the Government argues that this was "garden variety" negligence, and not an extraordinary circumstance that prevented him from filing his own § 2255 motion. *Id*. Accordingly, the Government argues that equitable tolling does not apply to Defendant's situation. *Id*.

The Court agrees with the Government that Defendant has not shown that he was diligently pursuing his rights, because Defendant provides no reason to explain why he did not inquire about the status of his case for several years, leaving him unaware that the Supreme Court had denied his petition for certiorari. Nor did

ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION UNDER § 2255 ~ 10

Defendant take it upon himself to file a § 2255 motion until five years had elapsed. Additionally, the Court agrees with the Government that an attorney's negligence regarding a § 2255 filing deadline is not an extraordinary circumstance that compels equitable tolling. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (finding that an attorney's miscalculation of the limitations period and his "negligence in general" did not constitute extraordinary circumstances to warrant equitable tolling); *see also Gilbert*, 807 F.3d at 1202 (finding that attorney's erroneous advice on the filing deadline for a § 2255 motion was not an extraordinary circumstance that compels equitable tolling). Accordingly, the Court finds that any negligence by Defendant's counsel[2] in failing to inform him of the status of his petition for writ of certiorari does not constitute an extraordinary circumstance that compels equitable tolling.

**Actual Innocence**

Finally, Defendant asserts that he is actually innocent due to his insanity defense under 18 U.S.C. § 17 and that claims based on actual innocence have no time bar. ECF No. 106 at 11. The Government acknowledges that actual innocence may be an exception to the similar time bar for motions filed pursuant to 28 U.S.C. §

---

[2] Although Defendant argues that the Government and the Court also impeded his ability to timely file by failing to inform Defendant of the filing and dismissal of his petition for certiorari, it is not the responsibility of the Government or the Court to inform the Defendant directly of the status of his filings when Defendant is represented by counsel.

ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION UNDER § 2255 ~ 11

2244, but challenges Defendant's claim that actual innocence provides a similar exception to § 2255. ECF No. 109 at 6. However, the Government argues that, even if actual innocence does excuse untimely filing, it does not do so in Defendant's case, because Defendant's argument is based on his belated, and unsupported, claim of an insanity defense under 18 U.S.C. § 17, rather than on newly discovered evidence. *Id*. at 6–7.

The actual innocence gateway requires the petitioner to provide new evidence that shows that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *See McQuiggin*, 569 U.S. at 386 (citing *Schlup*, 513 U.S. at 329). Here, Defendant has not provided any new evidence to suggest that no reasonable juror would have found him guilty beyond a reasonable doubt. His actual innocence claim relies on his newly raised affirmative defense of insanity, but he provides no evidence of this claim other than a generic and unsupported reference to "severe mental disease or defect" and "mild mental retardation." ECF Nos. 106 at 11 and 106-1 at 2. Defendant has provided no new evidence or medical records to suggest that a defense of insanity would have been successful.

Additionally, Defendant likely waived his right to challenge his conviction based on actual innocence in his plea agreement. *See* ECF No. 58 at 12. In the context of a defendant who has pleaded guilty, the defendant must "establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" *Bousley*, 523 U.S. at 623 (quoting *Murray*, 477 U.S.

ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION UNDER § 2255 ~ 12

1   at 496). Although Defendant alleges that "his mental and emotional defects impaired
2   his ability to knowingly and voluntarily enter into" a plea agreement, Defendant
3   provides no support for this claim. ECF No. 106 at 8; *see also* 106-2 at 4.
4   Defendant's mental state was raised during his proceedings, and on the day before he
5   pleaded guilty, his counsel filed a status report stating that issues regarding
6   competency "have been resolved after consultation with a mental health
7   professional." ECF No. 53. Because Defendant does not provide evidence that there
8   was a constitutional error during his plea colloquy, the Court finds that actual
9   innocence is not a ground to excuse his untimely filing.

## CONCLUSION

11  The Court finds that Defendant's conclusory and unsupported statements
12  arguing to excuse his untimely filing do not state a claim upon which relief could be
13  granted and are insufficient to require a hearing. *See Hearst*, 638 F.2d at 1194.
14  Therefore, the Court denies Defendant's request for a hearing. Because the motion is
15  untimely, the Court denies Defendant's § 2255 motion and grants the Government's
16  Motion to Dismiss.
17  An appeal of this Order may not be taken unless a circuit judge or district
18  judge issues a certificate of appealability. 28 U.S.C. § 2253. A district court may
19  only issue a certificate of appealability "if the applicant has made a substantial
20  showing of the denial of a constitutional right." *Id*. The Court finds that an appeal
21

from this decision could not be taken in good faith; thus, there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Accordingly, **IT IS HEREBY ORDERED**:

1. The Government's Motion to Dismiss, **ECF No. 109**, is **GRANTED**.

2. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, **ECF No. 106**, is **DENIED**.  The Petition is **DISMISSED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and to *pro se* Defendant, and **close this case** and civil case number **2:23-CV-263-RMP**.  A certificate of appealability will not be issued as there is no basis that this Court identifies for a valid appeal.

**DATED** February 22, 2024.

> *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> Senior United States District Judge